UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY RAJA,

    **Plaintiff,**

vs.                                                       Case No.: 8:12-cv-02083-JDW-AEP

ENGLEWOOD COMMUNITY
HOSPITAL, INC.,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion for Reconsideration, Rehearing, and for Leave to Amend to File Fourth Amended Complaint (Dkt. 96), to which Defendant has responded in opposition (Dkt. 102). Upon consideration, the motion (Dkt. 96) is DENIED.

### RECONSIDERATION

The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact. *Smith v. Ocwen Financial*, 488 Fed. Appx. 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). These issues "rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Id.* Instead, a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Id.* at 1369 (quoting *Z.K.*

1

*Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Reconsideration "is an extraordinary remedy to be employed sparingly." *Id.* at 1370.

In dismissing Count III with prejudice, the Court determined that there was "no set of facts Plaintiff could allege that would state a claim for breach of contract arising from the denial of his reappointment that would overcome statutory immunity under § 395.0191." Dkt. 91 at 14. To overcome the cited statutory immunity, Plaintiff was required to plead intentional fraud in the reappointment process. *See* Fla. Stat. § 395.0191(7) (granting immunity "for any action arising out of or related to carrying out the provisions of this section, absent intentional fraud"). None of the allegations in the current and previous versions of the complaint so much as hinted at intentional fraud, even when reading the allegations in the light most favorable to Plaintiff. *See* Dkts. 1, 4, 59. Count III was accordingly dismissed with prejudice because it did not appear that a more carefully drafted complaint could conceivably allege intentional fraud in the reappointment process to overcome statutory immunity. *See O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1205 (11th Cir. 2003).

Plaintiffs do not argue that there was a manifest error of law, only that the Order should be reconsidered "to prevent manifest injustice and based on the liberal standards for granting leave to amend." The liberal standard of Rule 15 does not govern a motion for reconsideration, however. Moreover, Plaintiffs have not demonstrated how manifest injustice would occur if the dismissal with prejudice were to stand or identified any manifest errors of law. As such, they have failed to satisfy their burden for reconsideration, and the motion must be denied.

## LEAVE TO AMEND

In the alternative, Plaintiff seeks leave to amend the complaint to plead intentional fraud and a new claim for breach of the medical staff Bylaws, the claim previously dismissed with prejudice.

2

Because Plaintiff waited over a year to plead a claim for fraud and the proposed claim for breach of contract is futile, leave to amend will not be granted.

### *Standard*

Leave to amend must be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, for "any apparent or declared reason," including undue delay and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

### *Undue Delay*

"[T]he mere passage of time is not enough to deny a motion to amend," but when "there seems to be no good reason" why the plaintiff could not have brought the claim earlier in the case, leave to amend may be denied for undue delay. *Burns v. Winnebago Indus., Inc.*, 492 Fed. Appx. 44, 46 (11th Cir. 2012) (citing *Loggerhead Turtle v. Cnty. of Volusia Cnty., Fla.*, 148 F.3d 1231, 1256-57 (11th Cir. 1998)); *Maynard*, 342 F.3d at 1287. This is particularly true when the absence of the new claim from the original complaint is not explained even though the operative facts supporting the claim were known when the case was originally filed. *See Maynard*, 342 F.3d 1287.

Plaintiff seeks leave to add a claim for fraud, but there "seems to be no good reason" why Plaintiff could not have brought this claim earlier in the case. *Id.* Not only does a claim for fraud not appear in previous versions of the complaint, but the factual allegations supporting the fraud claim are also conspicuously absent from the general allegations in previous iterations. *See* Dkt. 96-1 ¶¶ 122-124. Plaintiff presents no evidence and makes no argument explaining why this claim is absent from previous versions, yet suddenly appears in the proposed Fourth Amended Complaint. "The liberal amendment policy of Rule 15(a) does not countenance the old sporting theory of justice or the use of the federal courts as a forum for testing alternate legal theories *seriatim*." *Fla. Evergreen*

3

*Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006) (internal quotations omitted).

Courts in the Middle District of Florida have denied leave to amend when the plaintiff waited over a year to bring a claim without a sufficient explanation, and those decisions have been regularly affirmed. *See, e.g.*, *Burns*, 492 Fed. Appx. at 46 (affirming denial of leave to amend where plaintiffs waited seven months to seek leave); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (affirming denial of leave to amend where plaintiff waited one year after filing original complaint), *abrogated on other grounds Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Burns v. Winnebago Indus., Inc.*, No. 8:11-cv-354-T-24-TBM, 2011 WL 1806518, at *1 (M.D. Fla. May 11, 2011) (denying leave to amend where plaintiff waited over a year); *Edwards v. Acadia Realty Trust, Inc.*, No. 6:99cv110-ORL-28KRS, 2001 WL 34104845, at *7 (M.D. Fla. Jan. 10, 2001) (denying leave to amend where plaintiff moved to amend eighteen months after initial complaint and after filing three amended complaints). The same result must be reached here due to Plaintiff's unexplained, thirteen-month delay in pleading a claim for fraud.

### *Futility of Amendment*

Defendants further argue that leave to amend should not be permitted because Count IV in the proposed amended complaint mirrors Count III of the Second Amended Complaint, which was dismissed with prejudice, and it is therefore futile. I agree.

"The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Ala. State Port Auth. v. China Ocean Shipping (Group) Co.*, No. 08-00058-CG-B, 2008 WL 4701046, at *2 (S.D. Ala. Oct. 21, 2008). *See also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended

4

is still subject to dismissal); *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action could not withstand a motion to dismiss).

Proposed Count IV is a claim for injunctive relief due to a "breach of medical staff bylaws." Dkt. 96-1 ¶ 127. Plaintiff specifies that "[t]his is a claim seeking injunctive relief for breach of Bylaws limited to the process of investigating and disciplining Dr. Raja as required by the state-mandated peer review process." *Id.* ¶ 128. Plaintiff alleges that Defendant breached the Bylaws by "failing to properly investigate the claims against Dr. Raja, by failing to follow the proper procedures in the election process, and by failing to provide proper peer review." *Id.* ¶ 129. The injunctive relief sought in Count IV would require Defendant to reinstate Dr. Raja's staff privileges, which is akin to reappointment. *See id.* ¶ 136.

Defendant argues that proposed Count IV is futile because the claim is barred by § 395.0191(7), *Florida Statutes*. Section 395.0191 addresses immunity from suit of parties involved in determining staff membership and clinical privileges:

> There shall be no monetary liability on the part of, and no cause of action for injunctive relief or damages shall arise against, any licensed facility, its governing board or governing board members, medical staff, or disciplinary board or against its agents, investigators, witnesses, or employees, or against any other person, for any action arising out of or related to carrying out the provisions of this section, absent intentional fraud.

§ 395.0191(7). This subsection "immunizes [any] hospital against any action for monetary or injunctive relief if it arises out of, or is related to, the appointment or reappointment process absent intentional fraud." *Lawnwood Med. Ctr., Inc. v. Desai*, 54 So. 3d 1027, 1031 (Fla. 4th DCA 2011).[1] Plaintiff argues that § 395.0191(7) does not apply to proposed Count IV because it is "explicitly limit[ed] . . . to the process of investigating and disciplining physicians pursuant to the state-

---

[1] *Desai* is binding precedent. *See St. Luke's Cataract & Laser Inst., P.A. v. Zurich Am. Ins. Co.*, 506 Fed. Appx. 970, 975 (11th Cir. 2013); *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1231 (11th Cir. 2004).

mandated peer review process." Dkt. 96 at 5.

The factual allegations of the proposed amended complaint do not support the conclusory allegation that Defendant's actions relate to the peer review process rather than the reappointment process. Indeed, even though Plaintiff has removed the offending phrases noted in the Order dismissing the Second Amended Complaint in order to distance the proposed amended complaint from the reappointment process, the proposed amended complaint, when read as a whole, continues to allege a breach of contract claim that "arises out of, or is related to, the appointment or reappointment process." *Desai*, 54 So. 3d at 1031.

The most telling allegation is Plaintiff's prayer for relief. In it, he requests, among other things, an injunction "requiring Defendant ECH to grant Dr. Raja staff privileges, [and] to set aside the denial of Dr. Raja's staff privileges." Dkt. 96-1 ¶ 136. This relief clearly seeks a reversal of Defendant's decision to deny Plaintiff reappointment to the medical staff. The denial of reappointment is the only harm alleged in the proposed amended complaint. Indeed, Plaintiff explicitly alleges that no other harm befell him while employed by Defendant: "Not only did Dr. Raja not receive any notifications of any offenses, he never received any written warnings or letters of reprimand, was never placed on probation, never had his privileges conditioned upon there being no more disruptive or quality incidents, and never had his privileges suspended or revoked due to disruptive behavior." Dkt. 96-1 ¶ 66. Read as a whole, the entire case is premised on Defendant's decision to deny reappointment.

Although Plaintiff attempts to tailor the language of the proposed complaint to appear to be a claim arising out of the peer review process, that effort is unsuccessful. He continually labels his privileges as revoked, even though a careful reading of the proposed amended complaint reveals that his privileges were never terminated–they were simply not renewed. Plaintiff argues that his claim

6

is "based on ECH's conduct in the process of investigating and disciplining Dr. Raja in the peer review process," but that argument is similarly unavailing. The results of the "secret investigation" alleged in the proposed amended complaint were used twice, and both times they were used to deny *reappointment*, never to "disciplin[e]" Plaintiff "pursuant to the state-mandated peer review process." § 395.0193(1); *see Awwad v. Largo Med. Ctr., Inc.*, No. 8:11-cv-1638-T-24TBM, 2011 WL 5006503 (M.D. Fla. Oct. 20, 2011). As noted in the Order dismissing Count III of the Second Amended Complaint, the allegations, read as a whole "relate to the denial of Dr. Raja's reappointment, not an investigation and recommended 'discipline' by a 'peer review' committee." Dkt. 91 at 12 n.8 (quoting § 395.0193(3)).

Further supporting the conclusion that the proposed breach of contract claim arises from the denial of reappointment is Plaintiff's previous argument that this case does not involve peer review. *See* Dkt. 75 at 8 ("There is no section 395.0191 qualified peer immunity because the alleged breaches do not involve peer review."). Such inconsistent positions reflect a "sporting theory of justice" whereby new legal theories are tested in each iteration of the complaint, which cannot justify leave to amend. *Fla. Evergreen Foliage*, 470 F.3d at 1042.

Even if Count IV of the proposed amended complaint were substantively different from Count III of the Second Amended Complaint and in fact based on the peer-review process rather than the decision to deny reappointment, leave to amend would still be denied because of Plaintiff's undue delay in asserting such a claim. Plaintiff has not explained why he waited until filing a proposed fourth amended complaint to assert a claim related to the peer review process when the facts underlying the claim were available at the inception of this case. *See Burns*, 492 Fed. Appx. at 46; *Maynard*, 342 F.3d at 1287.

Accordingly, Plaintiffs' Motion for Reconsideration, Rehearing, and for Leave to Amend to

7

File Fourth Amended Complaint (Dkt. 96) is **DENIED.**

**DONE AND ORDERED** this 6th day of November, 2013.

                                              JAMES D. WHITTEMORE
                                              United States District Judge

Copies to: Counsel of Record